## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

CRIMINAL ACTION NO. 22-CR-00144-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          PLEA AGREEMENT

JOSEPH GAGE SLONE                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment charging a violation of 18 U.S.C. § 922(g)(3), possession of a firearm by an unlawful user of controlled substances. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1 of the Indictment.

2. The essential elements of Count 2 of the Indictment are as follows:

(a) That the defendant was an unlawful user of a controlled substance, that is, marihuana, a Schedule I controlled substance, and knew that he was such an unlawful user of a controlled substance;

(b) That the defendant knowingly possessed a firearm while he was an unlawful user of a controlled substance; and

(c) That the firearm crossed a state line prior to the defendant's possession.

1

3. As to Count 2 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

a. On or about September 29, 2022, officers with the Lexington Police Department executed a search warrant on a residence in Lexington, Kentucky, while searching for the Defendant. The Defendant, at that time, had several outstanding unrelated warrants for his arrest. Officers located the Defendant inside the residence and began the search. During the search of the residence, officers located a Romarm/Cugir, Model: Micro Draco, Cal.: 7.62 x 39mm, pistol, SN: PMD-05242-17 ("Draco"), inside a closet in the bedroom. They also located marihuana, a Schedule I controlled substance, in a backpack in the bathroom.

b. During an interview with law enforcement, the Defendant admitted to possessing the "Draco," having purchased it approximately a month prior. In addition to the firearm, the Defendant described himself as a "big weed fanatic" and discussed his habit of smoking marihuana as well as selling various quantities to a few individuals. Furthermore, the Defendant had multiple interactions and contacts with local police over the past year. During many of those occasions, the Defendant was in possession of or admitted to using marihuana.

c. Based on his own statements and various interactions with police, the Defendant admits that he was knowingly a user of marihuana during the time of his possession of the firearm. The Defendant further admits that the firearm was manufactured outside the state of Kentucky, as determined by an ATF Interstate Nexus expert, and, therefore, had crossed state lines sometime prior to his possession.

4. The statutory punishment for Count 2 of the indictment is not more than 15 years imprisonment, not more than a $250,000 fine, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (USSG) in effect as of the date of sentencing, will determine the Defendant's guidelines range.

    (b) Pursuant to USSG § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and the provided discovery materials.

    (c) Pursuant to USSG § 2K2.1(a)(4)(B), the base offense level is 20 as the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the Defendant was a prohibited person at the time he committed the instant offense.

    (d) Pursuant to USSG § 2K2.1(b)(6)(B), the offense level is increased by 4 levels as the Defendant possessed a firearm in connection with another felony offense.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The parties disagree as to whether any additional firearms beyond the Romarm/Cugir, Model: Micro Draco, Cal.: 7.62 x 39mm, pistol, SN: PMD-05242-17 are part of relevant conduct as defined under USSG § 1B1.3. Therefore, the parties disagree as to the application of USSG § 2K2.1(b)(1) and (b)(4) and reserve the right to object to or argue in favor of the application of either guideline enhancement at sentencing.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the

4

conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to

obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court

imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

7

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 11/1/2023          By: _____

Francisco J. Villalobos II
Assistant United States Attorney

Date: 8-29-23          _____

Joseph Gage Slone
Defendant

Date: 11/24/23          _____

Rachel Yavelak
Attorney for Defendant

8