UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 22-144-KKC-CJS-1 |
| | ) | Civil Action No. 26-236-KKC-CJS |
| v. | ) | |
| | ) | |
| JOSEPH GAGE SLONE, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on *pro se* Defendant Joseph Gage Slone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (R. 64). Pursuant to local practice, this matter has been referred to the undersigned for the preparation of a Report and Recommendation under 28 U.S.C. § 636(b). For the reasons set forth below, it will be recommended that Slone's § 2255 Motion **be granted**.

## I. FACTUAL AND PROCEDURAL HISTORY

As the Court has previously explained as background in this case (*see* R. 65), Slone was first charged by way of a criminal complaint in this District on September 30, 2022, with receipt of a firearm by a person under indictment. (R. 1). On December 1, 2022, an Indictment was returned charging Slone with illegal receipt of a firearm by a person under indictment under 18 U.S.C. § 922(n) ("Count 1") and with possession of a firearm by a user of a controlled substance under 18 U.S.C. § 922(g)(3) ("Count 2"). (R. 5). On August 31, 2023, Slone, through counsel, filed a Motion to Dismiss the Indictment, arguing that the counts against him violated the Second Amendment of the United States Constitution. (R. 19). After the Government filed its Response to Defendant's Motion to Dismiss (R. 25), the Court denied Slone's motion, finding that his facial

challenges to the constitutionality of § 922(n) and § 922(g)(3) failed. (R. 27). Shortly after Judge Caldwell denied his Motion to Dismiss, Slone moved for rearraignment (R. 28) and, on December 4, 2023, he pleaded guilty to Count 2 of the Indictment (R. 31).[1] In March 2024, Slone was sentenced to 72 months of imprisonment to be followed by 3 years of supervised release.[2] (R. 47; *see also* R. 45).

After Slone's Judgment in this Court was entered (R. 47), he filed a direct appeal to the United States Court of Appeals for the Sixth Circuit. (R. 48). On November 6, 2024, the Sixth Circuit affirmed Slone's Judgment. (R. 61). Slone did not file a petition for a writ of certiorari with the Supreme Court of the United States, and his time to do so expired on February 4, 2025. *See* S. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

On June 30, 2026, the Clerk of this Court docketed Slone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (R. 64). Substantively, Slone's sole ground for relief is that his conviction and sentence violate the Constitution and laws of the United States in light of the Supreme Court's recent decision in *United States v. Hemani*, 608 U.S. ---, 146 S. Ct. 1677 (2026), which found § 922(g)(3) unconstitutional as applied to the facts of the prosecution before it.

The Court ordered the United States to respond to Slone's Motion (R. 65), and the Government filed its Response on August 12, 2026 (R. 69). Notably, in its Response, the

---

[1] In his Plea Agreement, Slone "waive[d] the right to appeal the guilty plea and conviction," and "[e]xcept for claims of ineffective assistance of counsel, [he] also waive[d] the right to attack collaterally the guilty plea, conviction, and sentence." (R. 30 at Page ID 144, ¶ 8).

[2] Count 1 of the Indictment was dismissed at sentencing upon motion of the United States. (*See* R. 47 at Page ID 225).

Government submits "Slone is entitled to relief." (*Id.* at Page ID 466). In such a posture, the Court perceives no need to provide Slone time to file a reply and, for the reasons to be discussed below, will recommend that Slone's § 2255 Motion be granted.

## II. ANALYSIS

### A. Legal Standard: The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

Under 28 U.S.C. § 2255(a), a federal prisoner may seek relief on grounds that: the sentence violated the Constitution or laws of the United States; the court lacked jurisdiction to impose the sentence; the sentence exceeded the maximum authorized by law; or the sentence is otherwise subject to collateral attack.[3] To succeed on a § 2255 motion alleging constitutional error, a federal prisoner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional error, a federal prisoner "must establish a fundamental defect which inherently

[3] Under AEDPA, there is a one-year limitations period for filing a § 2255 motion. Under § 2255(f), that period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). In its Response, the Government does not challenge Slone's Motion on timeliness grounds. Instead, it states that "*Hemani* announced a new rule for purposes of collateral review, and it is also a substantive one." (R. 69 at Page ID 466-67).

results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted).

Thus, courts have explained that a federal prisoner must allege in his § 2255 motion "as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Importantly, a federal prisoner must prove his allegations by a preponderance of the evidence. *Id.*

**B. Slone's Claim**

In his § 2255 Motion, Slone argues that, under the reasoning announced in *Hemani*, his "conviction cannot constitutionally stand because it rests upon the same categorical application of § 922(g)(3) rejected by the Supreme Court." (R. 64 at Page ID 452). In its Response, the United States agrees, offering:

> On June 18, 2026, the Supreme Court held that 18 U.S.C. § 922(g)(3)'s prohibition on firearm possession by unlawful users of controlled substances violated the Second Amendment as applied to a frequent user of marijuana who possessed a firearm in his home. *United States v. Hemani*, 146 S. Ct. 1677, 1693-94 (2026). Although the ruling in *Hemani* was "narrow" and does not apply to most defendants, *see id.* at 1693, it applies to Slone based on the facts and circumstances of his case. In 2023, Slone pleaded guilty to possession of a firearm as an unlawful drug user pursuant to a plea agreement. [R. 54: Colloquy, TR (Rearraignment) at 292, 305-06.] As a basis for the plea, Slone admitted that he was an unlawful and regular user of marijuana when he possessed a firearm inside his residence. [R. 30: Plea Agreement at 142 (¶ 3).] *Hemani* announced a new rule for purposes of collateral review, and it is also a substantive one. . . . Given the similarity between the record facts here and the facts in *Hemani*, Slone is entitled to relief. Slone's § 2255 motion should be granted, and his conviction and sentence should be vacated.

(R. 69 at Page ID 466-67).

This assessment by the United States is reasonable. As the Supreme Court discussed in *Hemani*, "[t]he federal Gun Control Act prohibits various categories of people from possessing

guns." *Hemani*, 146 S. Ct. at 1684. Relevant here, both Slone and the defendant in *Hemani* were prosecuted for violating 18 U.S.C. § 922(g)(3), under which "anyone who is an 'unlawful user of' or 'addicted to' a 'controlled substance' is automatically banned from possessing a gun." *Hemani*, 146 S. Ct. at 1684. "[F]or defying this ban, an individual can face up to 15 years in federal prison, § 924(a)(8), and disarmament for life, § 922(g)(1)." *Id.*

In *Hemani*, the Supreme Court considered the § 922(g)(3) prosecution of an individual who used marijuana a few times a week and found the prosecution inconsistent with the Second Amendment, which "protects the right of 'all Americans' to keep and bear firearms for self-defense."[4] *Id.* at 1684-85; *see also* U.S. Const. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."). As pointed out by the United States, the facts of Slone's case mirror those of *Hemani* and relief is therefore warranted. Accordingly, under the reasoning of that case, Slone's conviction and sentence should be vacated.

Therefore, the Court will recommend that Slone's § 2255 Motion be granted and that his conviction and sentence be vacated.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons set forth herein, **IT IS RECOMMENDED** as follows:

---

[4] In doing so, the Supreme Court applied the framework it had outlined in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 24 (2022).

> To determine when the government infringes the Second Amendment, we begin by asking whether the Amendment's terms cover the conduct in question. If so, the Constitution "presumptively" protects it. To overcome that presumption, the government then bears the burden of showing its regulatory efforts are "consistent with the Nation's historical tradition of firearm regulation."

*Hemani*, 146 S. Ct. at 1685 (internal citations omitted). Through detailed analysis, the Supreme Court determined that prosecution of Hemani, who used marijuana a few times a week, was inconsistent with the Nation's historical tradition of firearm regulation. *See id.* at 1694.

1) Defendant Slone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (R. 64) **be granted**; and

2) Slone's conviction and sentence **be vacated**.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and the Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 31st day of August, 2026.

**Signed By:**
***Candace J. Smith***
**United States Magistrate Judge**

G:\Judge-CJS\DATA\habeas petitions\2255 R&R general\22-144-KKC Slone R&R grant 2255.docx